IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES BRADLEY FROMHART,

    Plaintiff,

v.                                    Civil Action No. 5:11CV97
                                                  (STAMP)
FRANCIS C. TUCKER,
GERALD JACOVETTY
and RANDY GOSSETT,

    Defendants,

and

FRANCIS C. TUCKER,

    Third-Party Plaintiff,

v.

STEVEN L. THOMAS,

    Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR REMAND
AND DENYING THIRD-PARTY PLAINTIFF'S
MOTION FOR REMAND**

I. Procedural History

This civil action was filed in the Circuit Court of Marshall County, West Virginia. The original complaint, filed by plaintiff James Fromhart ("Fromhart"), sought damages through common-law causes of action against Francis L. Tucker ("Tucker"), Jacob Jacovetty and Randy Gossett arising from a series loans totaling $700,000.00 that were given by the plaintiff to Francis Tucker, who was then the president of Ohio Valley Amusement Company ("OVA") in Moundsville, West Virginia.

On June 15, 2011,[1] defendant Francis Tucker served his third-party complaint on third-party defendant Steven L. Thomas ("Thomas"). This complaint seeks indemnification from any liability to plaintiff Fromhart based upon allegedly erroneous and negligent legal advice and representation rendered by third-party defendant Thomas to third-party plaintiff Tucker. Third-party defendant Thomas subsequently removed the case to this Court on July 15, 2011 pursuant to 28 U.S.C. § 1452, claiming that jurisdiction in this Court exists under 28 U.S.C. § 1334.

Both the plaintiff and the third-party plaintiff filed separate motions to remand, each claiming that both the "unanimity rule" and the "well-pleaded complaint rule" prevent the third-party defendant from removing this action. The third-party defendant filed a single response to both motions, advancing the argument that the well-pleaded complaint rule does not apply to removal based upon § 1334 "related to" jurisdiction, nor is the "unanimity rule" applicable to removal procedure pursuant to § 1952. Neither the plaintiff nor the third-party plaintiff filed replies.

Both motions for remand are fully briefed and are ripe for disposition. For the reasons stated herein, this Court finds that removal was procedurally proper in this case and that the third-party defendant has satisfied his burden of demonstrating that this

---

[1] This is the date of service given by the third-party defendant. No challenge to this date has been made by any other party, and the Court was not able to ascertain from the record any independent verification of this date. Thus, this date of service is taken by this Court to be correct.

Court possesses jurisdiction to preside over this action. Thus, both motions for remand are denied.

## II. Facts

During the Spring of 2006, defendant Francis Tucker, then president of OVA, requested a loan from the plaintiff. Following the request, Mr. Fromhart granted OVA and/or Mr. Tucker a series of loans totaling $700,000.00. As assurance for these loans, Mr. Tucker gave personal guarantees and defendant Gossett, "in house counsel" for OVA, prepared promissory notes in favor of the plaintiff and executed by defendant Tucker. However, defendant Tucker allegedly failed to inform Mr. Fromhart that OVA was in bankruptcy at the time and that all loans made to the company were required to be approved by the bankruptcy court.

Following the granting of the loans, the plaintiff avers that defendant Tucker advised the plaintiff that OVA was being purchased, and that Mr. Fromhart would need to file written claims in order to have his loans repaid. Defendant Gossett prepared the claims and defendant Tucker hired defendant Jacovetty to handle the claims on behalf of the plaintiff. In defendant Jacovetty's representation of the plaintiff in the handling of the written claims, he allegedly never informed Mr. Fromhart of the ongoing bankruptcy of OVA despite the fact that Mr. Jacovetty was allegedly added to the bankruptcy court's mailing list as a result of the filing of the claims and continuously received copies of notices and orders in the OVA's bankruptcy case. Eventually, the plaintiff

says that Mr. Jacovetty withdrew the claims that were filed on the plaintiff's behalf and received notification of the bankruptcy court's approval of the withdrawal, but again allegedly did not inform the plaintiff of the withdrawal or the bankruptcy case.

Subsequently, the plaintiff argues that OVA filed a Disclosure Statement and Plan of Reorganization which was mailed to defendant Jacovetty, but Mr. Jacovetty failed to object to it, the bankruptcy court's order approving the plan, or the bankruptcy court's order confirming OVA's Chapter 11 plan, which discharged the company from any liability to the plaintiff. The plaintiff also maintains that Mr. Jacovetty not only failed to object to any of these determinations, but that he did not even inform Mr. Fromhart of them nor did he inform him of the bankruptcy proceeding.

On April 27, 2009, an involuntary bankruptcy petition was filed in the United States Bankruptcy Court for the Northern District of West Virginia for defendant Tucker (BK No. 5:09-bk-914). On April 15, 2010, the plaintiff in this action filed a "Motion for Order Granting Relief from Automatic Stay" requesting authorization to proceed with his claims against Tucker on the basis that Tucker engaged in fraudulent conduct in inducing the plaintiff to make the loans when the bankruptcy court had not authorized it. The motion was granted on May 12, 2010.

Following the plaintiff's filing of this civil action, defendant Tucker filed a third-party complaint against third-party defendant Thomas, who was Mr. Tucker's attorney at the time that

4

the Mr. Fromhart granted Mr. Tucker the loans in question. The third-party plaintiff alleges that Mr. Thomas rendered advice which was erroneous and negligent with regard to the loans, and that the third-party plaintiff reasonably and detrimentally relied upon that advice. As a result, among other demands for relief, the third-party plaintiff alleges that any liability that he may have to the plaintiff in this action must be indemnified by Mr. Thomas.

III. Applicable Law

When a defendant seeks to remove a case from state court to a federal district court, the federal court must be able to exercise original jurisdiction over the matter. Caterpillar Inc. v. Williams, 484 U.S. 386, 392 (1987). A federal district court has original jurisdiction over cases "arising in or related to cases under title 11 [bankruptcy cases or proceedings]." 28 U.S.C. § 1334. Generally, the statute which provides removal jurisdiction to the federal district courts is 28 U.S.C. § 1441, which provides that "[e]xcept as otherwise expressly provided by an Act of Congress, any civil action brought State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants."

However, removal based upon § 1334 jurisdiction is governed by 28 U.S.C. § 1452 entitled, "Removal of claims related to a bankruptcy case." Section 1452 permits removal by any "party" to a district court "for the district where such civil action is

pending, if such district court has jurisdiction of such a claim or cause of action under section 1334 of this title."

Title 28, United States Code, Section 1446, which governs procedure for removal under both removal statutes, requires that notice of removal of a civil action be "filed within thirty days after the receipt of the defendant." While the removal statutes do not explicitly require all defendants to join in the removal, it is well established that in a multi-defendant case removed under § 1441, effective removal requires that all defendants consent to removal. See Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F. Supp. 1236, 1237 (N.D. W. Va. 1993). See Chicago, R.I. & P.R. Co. v. Martin, 178 U.S. 245 (1900), and Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Local 349, 427 F.2d 325, 326-327 (5th Cir. 1970). It is also generally accepted that, under what is commonly known as the "first-served defendant rule," if the defendant that is served first in a case allows his 30-day removal window to lapse before any defendant has removed, he does not consent to removal, and no later-served defendant may remove, by operation of the unanimity rule. Barbour v. Intern. Union, 640 F.3d 599 (4th Cir. 2011).

However, based upon the differences in language between § 1441 and § 1452, which allows any "party" to remove a claim over which jurisdiction exists under § 1334, the United States Court of Appeals for the Fourth Circuit has found that, under § 1452, "any one party has the right to remove the state court action without

the consent of the other parties." Creasy v. Coleman Furniture Corp., 763 F.2d 656, 660 (4th Cir. 1985). As such, because the unanimity rule does not operate to bar removal by later served parties, the Fourth Circuit has also determined that, if jurisdiction is based on § 1452, "so long as one defendant meets the thirty-day requirement, the bankruptcy removal petition [is] timely." Id. at 661.

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, a remand is necessary. Id.

## IV. Discussion

In his notice of removal, the third-party defendant states that this Court has subject matter jurisdiction because this civil action is "related to" a bankruptcy proceeding. Both the plaintiff and the third-party plaintiff/defendant filed motions to remand. Both motions to remand argue that the unanimity rule and the first-served defendant rule both bar removal in this case, and that a third-party defendant is not entitled to remove. Further, both also argue that § 1334 jurisdiction does not exist based upon the "well-pleaded complaint rule."

A. Alleged Procedural Defects

The plaintiff and third-party plaintiff initially seek remand on the basis that not all defendants consented to removal of this

7

action.  As discussed in detail below, this Court finds that the unanimity rule does not apply to the removal of this action because jurisdiction is based upon 28 U.S.C. § 1452, as the action is "related to" a bankruptcy proceeding.  See Creasy, 763 F.2d at 660. Likewise, the arguments that removal was untimely in this case based upon the "first-served defendant rule" are without merit.  In the Fourth Circuit, if jurisdiction is based on § 1452, "so long as one defendant meets the thirty-day requirement, the bankruptcy removal petition [is] timely."  Id. at 661.  The contentions raised by both motions that third-party defendants may not remove a suit are also grounded in § 1441 and do not apply to jurisdiction based upon § 1452.  The plain language of § 1452 when compared with the plain language of § 1441 prove to be abundantly clear in the differing removal requirements set down in each section.  Section 1452 allows a "party" to remove an action when jurisdiction is based upon § 1334, while § 1441 allows a "defendant or defendants" to remove a case based upon all other types of federal jurisdiction.  Accordingly, this Court finds that there are no procedural defects in the defendants' motion to remove.

B.  "Related to" Jurisdiction

Title 28, United States Code, Section 1452(a) states that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]."  Title 28,

8

United States Code, Section 1334(b) provides that "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11."

"Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected to the bankruptcy estate." <u>Celotex Corp. v. Edwards</u>, 514 U.S. 300, 308 (1995) (internal citations omitted). "The 'related to' language of § 1334(b) must be read to give district courts . . . jurisdiction over more than simple proceedings involving the property of the debtor of the estate." <u>Id.</u> The Supreme Court did find, however, that "related to" jurisdiction does have limits. <u>Id.</u> "Shared facts between the third-party action and a debtor-creditor conflict do not in and of themselves suffice to make the third-party action 'related to' the bankruptcy." <u>Wise v. Travelers Indem. Co.</u>, 192 F. Supp. 2d 506, 516 (N.D. W. Va. 2002). Similarly, judicial economy by itself cannot justify "related to" jurisdiction. <u>Id.</u> The Fourth Circuit has adopted the following definition of § 1334 "related to" jurisdiction: "[A]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." <u>A.H. Robins Co., Inc. v. Piccinin</u>, 788 F.2d 994, 1002, n.11 (4th Cir. 1986), <u>cert. denied</u>, 479 U.S. 876 (1986) (adopting

9

the definition set forth in Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)).

Both the plaintiff and the third-party plaintiff argue that this instant case is not sufficiently "related to" the OVA bankruptcy proceedings. However, rather than focusing on whether this action falls within the Fourth Circuit's test of whether the outcome of the litigation could alter the bankruptcy estate's rights and/or liabilities, both motions focus at length on the argument that no federal question relating to the bankruptcy action appears on the face of the plaintiff's complaint. This focus is misplaced. Federal jurisdiction based upon 28 U.S.C. § 1331, or federal question jurisdiction, requires that the plaintiff's well-pleaded complaint contain a "question arising under the Constitutions, laws, or treaties of the United States" upon which the plaintiff's right to relief necessarily depends. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28. This rule, the "well-pleaded complaint rule," does not apply to § 1334 jurisdiction. Under § 1334, a claim need only be "related to" a bankruptcy case or proceeding, unlike jurisdiction based upon § 1331, which requires that the action "arise under" federal law. Thus, the plaintiff and third-party plaintiff's reliance upon the well-pleaded complaint rule does not inform the Court's decision regarding § 1334 jurisdiction exists in this action.

Rather, the more applicable consideration is whether a judgment against Francis Tucker in this case would affect the

10

rights and/or liabilities of his bankruptcy estate. See <u>A.H.</u> <u>Robins Co.</u>, 788 F.2d at 1002. After considering the applicable law, this Court is convinced that a judgment against the defendant Tucker could conceivably do just that. The bankruptcy court, in its opinion of November 24, 2010, found that Francis Tucker has been "engaged in a game of hide and seek" with his creditors, one of whom is alleged by this case to be plaintiff Fromhart, and that Tucker conducted his financial affairs in a way that was "evasive and detrimental in regard to his creditors." <u>In re: Francis</u> <u>Tucker</u>, No. 5:09-bk-914 (Bankr. N.D. W. Va. Nov. 24, 2010). In fact, these are almost exactly the claims made against Mr. Tucker in this action. Further, this case is so entwined with Mr. Tucker's bankruptcy action, that plaintiff Fromhart was required to request leave to continue this action from the bankruptcy court by way of a relief from the automatic stay. Should plaintiff Fromhart succeed in this action and money damages are awarded against Mr. Tucker, Mr. Fromhart will hold a money judgment that will become a further liability of Mr. Tucker's bankruptcy estate and will thus have an impact on the handling and administration of the estate. Accordingly, this Court finds that this action is "related to" the bankruptcy case <u>In re Francis Tucker</u> and that its result could alter the debtors' rights and liabilities and impact upon the handling and administration of Francis Tucker's bankruptcy estate. Accordingly, this Court finds that it has subject matter

jurisdiction over this action pursuant to the "related to" provisions of 28 U.S.C. § 1334(b).

## V. Conclusion

For the reasons stated above, the plaintiff's motion for remand (ECF No. 7) is DENIED and the third-party plaintiff's motion for remand (ECF No. 8) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein.

DATED:   October 31, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE