IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES BRADLEY FROMHART,

    Plaintiff,

v.                                          Civil Action No. 5:11CV97
                                                     (STAMP)
FRANCIS C. TUCKER,
GERALD JACOVETTY
and RANDY GOSSETT,

    Defendants,

and

FRANCIS C. TUCKER,

    Third-Party Plaintiff,

v.

STEVEN L. THOMAS,

    Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING THIRD-PARTY DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

I.  Background

This civil action was filed in the Circuit Court of Marshall County, West Virginia. The original complaint, filed by plaintiff James Fromhart ("Fromhart"), seeks damages through common-law causes of action against Francis L. Tucker ("Tucker"), Jacob Jacovetty and Randy Gossett. The complaint arose from a series of loans totaling $700,000.00 that were given by the plaintiff to Francis Tucker, who was then the president of Ohio Valley Amusement

Company ("OVA") in Moundsville, West Virginia. The complaint alleges that the loans were fraudulently procured and not repaid.

Defendant Francis Tucker then served a third-party complaint on third-party defendant Steven L. Thomas ("Thomas"). Defendant Tucker's third-party complaint asserts that Mr. Thomas was his attorney at the time of the relevant transactions, and raises a claim of legal malpractice. Mr. Tucker alleges that Mr. Thomas rendered advice which was erroneous and negligent with regard to the loans, and that Mr. Tucker reasonably and detrimentally relied upon that advice. As a result, among other demands for relief, Mr. Tucker seeks indemnification from any liability that Mr. Tucker may have to plaintiff Fromhart based upon allegedly erroneous and negligent legal advice and representation rendered by Mr. Thomas to Mr. Tucker.

Third-party defendant Thomas subsequently removed the case to this Court pursuant to 28 U.S.C. § 1452, based upon federal jurisdiction under 28 U.S.C. § 1334. Motions to remand filed by both the plaintiff and the third-party plaintiff were both denied. The plaintiff later moved to dismiss defendants Gerald Jacovetty and Randy Gossett, and those motions were granted. Accordingly, the only claims that remain are the plaintiff's claims against

defendant Tucker,[1] and Mr. Tucker's claims against third-party defendant Thomas.

Third-party defendant Thomas has now filed a motion for summary judgment, requesting that the claims against him be dismissed. This Court issued a Roseboro[2] notice, informing the pro se third-party plaintiff of his right to respond to the motion. No response was received.[3] Accordingly, the motion for summary judgment is now ripe for consideration by this Court. For the reasons that follow, third-party defendant Thomas' motion for summary judgment is granted.

## II. Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

---

[1] This Court notes that defendant/third-party plaintiff was previously represented. However, Mr. Tucker's counsel moved to withdraw, and this motion was granted on August 13, 2012. Mr. Tucker is thus now proceeding pro se.

[2] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a pro se plaintiff of his right to file material in response to a motion for summary judgment).

[3] This Court notes that the third-party plaintiff's failure to respond to the motion for summary judgment "does not fulfill the burdens imposed on moving parties by Rule 56 . . . . Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993).

>    stipulations . . . admissions, interrogatory answers, or
>    other materials; or
>        (B) showing that the materials cited do not
>    establish the absence or presence of a genuine dispute,
>    or that an adverse party cannot produce admissible
>    evidence to support the fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not

desirable to clarify the application of the law." (citing <u>Stevens v. Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir. 1950))).

In <u>Celotex</u>, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. <u>See</u> <u>Oksanen v. Page Mem'l Hosp.</u>, 912 F.2d 73, 78 (4th Cir. 1990), <u>cert. denied</u>, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

### III.  <u>Discussion</u>

The crux of third-party defendant Thomas' argument in this motion for summary judgment is that he cannot be held liable to indemnify defendant/third-party plaintiff Tucker for any liability that he may have against the plaintiff because he did not owe Mr. Tucker any duty in relation to the relevant loans. Third-party defendant Thomas also argues in the alternative, that even if he did have a duty to Mr. Tucker or to OVA relating to the loans that was somehow breached, neither Mr. Tucker nor OVA were harmed as a

5

result. Further, he asserts, and even if they were, Mr. Tucker cannot show any proximate cause nexus between the claimed damages and any failure of a duty by Mr. Thomas. After review of the record, along with Mr. Thomas' motion for summary judgment, this Court finds that Mr. Thomas owed no duty to Mr. Tucker relating to the relevant loans, and thus Mr. Tucker lacks standing to bring this third-party complaint against Mr. Thomas.

A claim for legal malpractice requires that the plaintiff establish the following elements: "(1) the attorney's employment; (2) his/her neglect of a reasonable duty; (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff." Calvert v. Scharf, Syl. pt. 1, 619 S.E.2d 197 (W. Va. 2005). Third-party defendant Thomas asserts that third-party plaintiff Tucker has failed to create an genuine issue of material fact as to any of these three elements. However, because this Court finds that Mr. Thomas never had an attorney/client relationship with Mr. Tucker individually, this Court need not consider any element beyond element one.

Element one of a legal malpractice claim, the attorney's employment, "is a factor that speaks to whether the attorney owed a duty to the person claiming to have been harmed by the attorney's negligence, as no action for negligence will lie without a duty broken." Id. at 690 (internal citations and quotation marks omitted). If no attorney employment can be established, the

plaintiff's claim cannot move forward, because without a duty owed to the plaintiff by the defendant relating to the plaintiff's allegations, the plaintiff "does not have standing to assert a claim." Id.

Mr. Thomas argues that Mr. Tucker's legal malpractice claim must fail at element one because, while Mr. Thomas served as counsel for OVA and Mound City, Inc. in bankruptcy proceedings, he never undertook a representation of Mr. Tucker individually. In support of this argument, Mr. Thomas provides a number of documents which indicate Mr. Thomas' employment as counsel for OVA and Mound City only, including an application for retention of attorneys filed with the bankruptcy court and the order approving that application, and an engagement letter written from Thomas to OVA and Mound City. In the application for retention of attorneys, which is signed by Francis Tucker, OVA and Mound City, Inc. clearly request to substitute Martin P. Sheehan and the law firm of Sheehan & Nugent, PLLC with the third-party defendant and his law firm as counsel representing the debtors OVA and Mound City ONLY in that bankruptcy proceeding. See ECF No. 78 Ex. 3. No mention is made in this application of joint representation of Mr. Tucker, who was clearly not a debtor in that bankruptcy proceeding. See ECF No. 78 Ex. 4. Similarly, the order approving the substitution of Mr. Thomas and his firm as counsel for the debtors specifically only approves the representation of OVA and Mound City. ECF No. 75 Ex.

7

9. However, most convincing, is the engagement letter sent from Mr. Thomas to Mr. Tucker in relation to his retention as counsel for OVA and Mound City. In this letter, Mr. Thomas repeatedly states that he has been retained "to undertake representation of Ohio Valley Amusement Company and Mound City, Inc. in their pending Chapter 11 bankruptcy cases." ECF No. 75 Ex. 7 *1. He also specifically requests that OVA and Mound City ONLY furnish him and his firm with a retainer. Id. Finally, Mr. Thomas briefs Mr. Tucker in this letter regarding his impressions of the state of the OVA/Mound City bankruptcy, and informs Mr. Tucker that it may become necessary for him to file for bankruptcy individually. However, Mr. Thomas clearly indicates that, if filing for bankruptcy individually becomes necessary, Mr. Tucker "will need to consult with another lawyer, as there would be a conflict of interest that would prohibit us from being the lawyers for you at the same time that we are representing your companies." Id. at *2.

As such, it is clear that Mr. Thomas only represented OVA and Mound City, and did not represent Mr. Tucker individually. It is equally clear that Mr. Thomas made this fact clear to Mr. Tucker. Further, as Mr. Thomas points out, absent evidence of special circumstances showing an arrangement otherwise, a corporation's attorney does not owe an attorney/client duty to the corporation's shareholders. See Goerlich v. Courtney Indus., Inc., 581 A.2d 825, 828 (Md. Ct. Spec. App. 1990) (allowing shareholders to hold

8

corporate attorney liable for malpractice would expose attorney to potentially "endless litigation"); Felty v. Hartweg, 523 N.E.2d 555, 556 (Ill. App. 1988); McLachlan v. Simon, 31 F. Supp. 2d 731, 741 (N.D. Cal. 1998); Bovee v. Gravel, 811 A.2d 137, 141 (Vt. 2002); Gamboa v. Shaw, 956 S.W.3d, 662, 665 (Tx. Ct. App. 1997).

As noted above, in order to defeat a motion for summary judgment, a plaintiff may not "rest upon the mere allegations or denials of his pleading," Anderson, 477 U.S. at 256, but instead must "come forward with facts sufficient to create a triable issue of fact." Temkin, 945 F.2d at 718. Mr. Tucker has failed to present any evidence to counter the documents provided by Mr. Thomas which evidence the lack of an attorney/client relationship between Mr. Thomas and Mr. Tucker individually, or to counter the general rule that provides for an absence of a duty owed by a corporation's attorney to a corporation's shareholders. As such, Mr. Tucker has failed to present a genuine issue of material fact as to whether Mr. Thomas owed him any duty related to his claims, and thus lacks standing to bring this third-party complaint.

## IV. Conclusion

For the reasons stated above, the motion for summary judgment of third-party defendant Steven L. Thomas is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se defendant and third-party plaintiff Francis Tucker, and to counsel of record herein.

DATED:     July 3, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE