IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JAMES BRADLEY FROMHART,

        Plaintiff,

v.                                         Civil Action No. 5:11CV97
                                                              (STAMP)
FRANCIS C. TUCKER,
GERALD JACOVETTY
and RANDY GOSSETT,

        Defendants,

and

FRANCIS C. TUCKER,

        Third-Party Plaintiff,

v.

STEVEN L. THOMAS,

        Third-Party Defendant.


                    **MEMORANDUM OPINION AND ORDER**
              **GRANTING THIRD-PARTY DEFENDANT'S MOTION**
                **FOR DIRECT ENTRY OF FINAL JUDGMENT**
                 **AND DISMISSING PLAINTIFF FROMHART'S**
                   **REMAINING CLAIMS WITHOUT PREJUDICE**

        On January 14, 2013, counsel for plaintiff and counsel for the third-party defendant appeared for the pretrial conference previously scheduled by the August 7, 2012 amended scheduling order in this case.  <u>Pro se</u> defendant and third-party plaintiff Francis C. Tucker ("Tucker") did not appear at this conference.  At the conference, both counsel present indicated that defendant and third-party plaintiff Tucker had, since the withdrawal of his counsel, ceased to participate in this litigation.  Counsel for the plaintiff also indicated that the plaintiff intended to file a

written motion for default against defendant Tucker. This Court then vacated the scheduling order pending a ruling on any motion filed by the plaintiff. As of the date of this order, the plaintiff has failed to file any motion or request any action in this case.

As a result of the failure of plaintiff James Bradley Fromhart ("Fromhart") to file a motion or otherwise prosecute his claims against Tucker, on July 18, 2013, this Court entered an order scheduling a show cause hearing for August 5, 2013. In this order, this Court directed plaintiff Fromhart, his counsel, and defendant Tucker to appear before this Court at the show cause hearing, and directed the plaintiff to show cause why his claims against defendant Tucker should not be dismissed for failure to prosecute. At the hearing on August 5, 2013, no party, including counsel for the plaintiff, appeared. It is noted that no party, including counsel for the plaintiff, gave this Court any indication that they would not attend the hearing on August 5, 2013.[1]

Further, on July 3, 2013, this Court granted the third-party defendant's motion for summary judgment. This memorandum opinion and order represented the resolution of all claims in this case except plaintiff Fromhart's claim against defendant and third-party plaintiff Tucker. Third-party defendant Steven L. Thomas ("Thomas") then filed a motion for direct entry of judgment on this

---

[1] Further investigation also indicates that all parties received notice of this Court's order scheduling the hearing prior to the date and time scheduled for the hearing.

Court's memorandum opinion and order granting summary judgment in his favor pursuant to Federal Rule of Civil Procedure 54(b).  This Court directed pro se defendant and third-party plaintiff Tucker to respond in opposition to this motion for direct entry of judgment on or before August 1, 2013.  Defendant and third-party plaintiff Tucker has failed to respond as of the date of this order.

A.   Plaintiff Fromhart's claims against defendant Tucker

Under Federal Rule of Civil Procedure 41(b), a court may dismiss a civil action upon motion of a defendant if a "plaintiff fails to prosecute or to comply with these rules or a court order."  The Supreme Court has also determined that a court may dismiss a civil action under these circumstances on its own motion.  Link v. Wabash R.R., 370 U.S. 626 (1962).  However, as dismissal is a severe sanction, dismissal under circumstances of failure to prosecute "must be tempered by a careful exercise of judicial discretion."  Bush v. USPS, 496 F.2d 42, 44 (4th Cir. 1974) (internal quotation marks omitted).  Further, courts are reluctant to punish a party for the behavior of his attorney.  Id.

In this circumstance, this Court finds that the plaintiff's consistent failure to prosecute his case or to adhere to orders of this Court mandates dismissal.  While it could be said that counsel for the plaintiff was to blame for the plaintiff's failure to file any motion following the pretrial conference in January, the plaintiff himself was directed to appear at the show cause hearing on August 5, 2013 and failed to do so.  See ECF No. 91 *2.

Further, it is noted that, following roughly seven months of inaction by the plaintiff, this Court offered him an opportunity to present this Court with cause why the sanction of dismissal should not be invoked. The plaintiff failed to exercise this opportunity. Accordingly, it is clear that neither the plaintiff nor his counsel have exhibited any intention of following the orders of this Court or of prosecuting the plaintiff's claims against defendant Tucker any further. The plaintiff's claims against defendant Tucker are thus dismissed without prejudice.

B.  Third-party defendant Thomas' motion for direct entry of judgment

Federal Rule of Civil Procedure 54(b) allows a court to enter judgment on a single claim in a multi-claim case whenever the court "expressly determines that there is no just reason for delay." In order to determine whether there is no just reason for delay in entering judgment on a single claim in a multi-claim case, the Court must consider a number of factors, including:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, and the like.

MCI Constructors, LLC v. City of Greensboro, 610 F.3d 849, 855 (4th Cir. 2010).

In this case, this Court believes that direct entry of judgment against Tucker based upon this Court's granting of summary judgment in favor of third-party defendant Thomas is appropriate. Plaintiff Fromhart's claims in this case were all contract-related claims dealing with a number of loans allegedly granted to Tucker by Mr. Fromhart. Tucker's claim against third-party defendant Thomas, on the other hand, was a claim in tort for professional negligence relating to alleged legal advice given by Mr. Thomas to Tucker relating to these loans. Tucker did not claim that Mr. Thomas was liable in his place for any liability he owed to Mr. Fromhart relating to the loans, but only asked for tort damages from Mr. Thomas related to any liability that he may have been found to have to Mr. Fromhart. Accordingly, while there was some relationship between the remaining claim of Mr. Fromhart against Tucker as to the possible extent of damages that Tucker may have been able to claim against Mr. Thomas had liability been found, neither of the claims were reliant upon the other in terms of any liability determination.

Further, this Court found that Mr. Thomas could not have been liable to Tucker for professional negligence in any capacity because Mr. Thomas never represented or formed an attorney-client relationship with Tucker personally. As such, no later decision of this Court regarding Tucker's liability to Mr. Fromhart would have any effect on Mr. Thomas's liability to Tucker. Also, because this Court found that Mr. Thomas could not be liable to Tucker in any

amount relating to any alleged advice given regarding the loans given to Tucker by Mr. Fromhart, no damages award exists to be altered or offset by any determination of Mr. Fromhart's claim against Tucker. As such, this Court finds that there is no just cause for delay in granting final judgment against Francis Tucker on this Court's memorandum opinion and order granting summary judgment to Mr. Thomas.

## Conclusion

For the reasons stated above, third-party defendant Steven L. Thomas' motion for direct entry of judgment on this Court's memorandum opinion and order granting his motion for summary judgment is GRANTED. Third-party plaintiff Francis C. Tucker's claims against third-party defendant Thomas are dismissed with prejudice, and the Clerk is DIRECTED to enter judgment on third-party plaintiff Tucker's claim against third-party defendant Thomas pursuant to Federal Rule of Civil Procedure 54(b). Further, plaintiff Fromhart's remaining claims against defendant Tucker are hereby DISMISSED WITHOUT PREJUDICE for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Clerk is DIRECTED to dismiss this civil action and strike it from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is directed to enter judgment on this matter.

    DATED:    August 7, 2013

                                       /s/ Frederick P. Stamp, Jr.
                                       FREDERICK P. STAMP, JR.
                                       UNITED STATES DISTRICT JUDGE